UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TABITHA MCKENZIE,

    Plaintiff,

v.                                                Case No. 5:24-cv-95-TKW/MJF

VERNON LEWIS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Because Plaintiff failed to comply with two court orders, failed to pay the filing fee, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On June 25, 2024, the undersigned ordered Plaintiff to file a second amended complaint "on the form approved for use in the Northern District of Florida. The undersigned also ordered Plaintiff to "pay the $405 filing fee or submit a properly completed motion to proceed *in forma pauperis*." Doc. 5. The undersigned imposed a compliance deadline of July 25, 2024, and warned Plaintiff that failure to comply with the order

Page 1 of 3

likely would result in dismissal of this action. Plaintiff did not comply with that order.

On August 5, 2024, the undersigned ordered Plaintiff to explain and show cause for her failure to comply with the undersigned's order of June 25, 2024. Doc. 6. The undersigned imposed a compliance deadline of August 19, 2024, and again warned Plaintiff that failure to comply with the order likely would result in dismissal of this action. Plaintiff has not complied with that order.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action when a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). This action has been pending for three months, and Plaintiff has not complied with two court orders, has not diligently prosecuted this action, and has not paid the

filing fee. Furthermore, Plaintiff has not shown good cause for these failures. Accordingly, the District Court should dismiss this civil action.

## III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 26th day of August, 2024.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**